Reese, J.
delivered the opinion of the court..
Plaintiffs in error, upon a reference to arbitrators, had obtained an award against defendants’ intestate for the sum of about seventy-five dollars, in a case depending in court, and where the arbitrament was made under the rule and by the order of the court. Before judgment had been given upon the award, Brown filed a bill in the Chancery Court, and obtained an injunction. His Honor the Chancellor, by his decree, dissolved the injunction and gave judgment in his court for the seventy-five dollars. This court, however, upon appeal in that case, held that although. the decree dissolving the injunction was correct, yet it was not proper for the Chancellor to have given judgment for the money; for on grounds connected with the conduct of the arbitrators or attornies, the court of law might not give judgment upon the award; and it left the parties freed from the injunction, to take their own course in that respect. Subsequently to this, the award was made the judgment of the Circuit Court by the rendition of a formal judgment thereon; this judgment was not appealed from, and is unsatisfied and in full force. Upon this judgment an execution issued and the *175 amount of it was collected -from Brown, and the execution and judgment satisfied. This suit is brought by Brown’s representatives, to recover back the money collected on said execution, upon the ground, that some time before the Circuit Court gave judgment upon the award, plaintiffs and Brown had had & settlement of their dealings and claims, in which the seventy-five dollars due by the award had been included. This as a matter of fact, from what is shown in the whole record before us, may be very questionable. But the jury having found the 'testimony to be so, we would not upon that ground disturb their verdict. But we are very clear, upon well' settled principles of law, that the action is not maintainable. A priori views of reason and policy would so settle the question, if it could be, from its nature, new or open. If a party, without moving for a new trial, or taking an appeal, or resorting to proceedings in error, coram nobis or coram nobis, or proceedings in the nature of, or substituted for, an audita querela, or filing his bill in Chancery,, might pay the money in the judgment recovered against him, and, then, in the same tribunal, be permitted to sue, in' order to recover any portion of it back on the ground that the money was not justly due, in whole or in part, when would there be even a hope that litigation would cease? And, if the plaintiff in the last shit succeeded, and the defendant paid it back, what would prevent him, in a third suit, from asserting the correctness of the first judgment? In the great case, of Moses vs. McFurlan, 2 Burr, 1005, the ex equo ct bono principle of the action of.assumpsit, announced by Lord Mansfield, as well as the facts and circumstances of that case, might seem to give some ground for the maintainance of a suit like this. But of that case, as well as of some others determined by Lord Mansfield, it may be said, materiam superávit opus. The great principles marked, out and developed by his original and powerful intellect, remain to guide us; but their framework, the facts- and circumstances to which they were appended, not always appropriate, have in some instances given way and ceased to sustain them. Of the case of Moses and McFurlan, it was said-by Ch. J. Eyre, 2 H. Blackstdne, 416, “that that judgment did not satisfy Westminster Hall at the time; that he never would *176 subscribe to it; it seemed to him to unsettle foundations.” And afterwards, in the case of Marriat vs. Hampton, 7 Term. R. 269, where it appeared, that-the defendant formerly brought an action against the present plaintiff for goods sold', for which the plaintiff had before paid, and obtained the defendant?s receipt; but not being able to find the receipt at that time, and having no other proof of the payment, he could not defend the action, but was obliged to submit and pay the money again and he gave a cognovit for the cash. The plaintiff afterwards found the receipt, and brought this action for money had and received, in order to recover back the amount of the sum so wrongfully enforced in payment. But Lord Kenyon, Ch. J. was of opinion, at the time, that after the money had been paid under legal process, it could not be recovered back again, however unconscienli-ously retained by the defendant, though the case of Moses and McFarlan, was referred to, and the plaintiff was non-suited. And upon a motion being made for a new trial, Lord Kenyon said, “I am afraid of such a precedent.. If this action could be maintained, I know not what cause of action could ever be at rest. After a recovery by due process of law, there must be an end of litigation, otherwise there would be no security for any person. I cannot, therefore, consent, even to grant a rule to show cause, lest it should seem to imply a doubt.” That case has been followed ever since, and it has become a fixed principle, that when money has been recovered by the judgment of a court, having competent jurisdiction, the matter can never be brought over again by a new action. For until the judgment is set aside or reconsidered, it is conclusive, as to the subject matter of it, to all intents and purposes.
The case before us falls within the scope of these principles, and must be controlled by them. The judgment must be reversed and a new trial be had in the Circuit Court.